IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,376-01






EX PARTE ROY WAYNE RIDDLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05CR-166 IN THE 349TH JUDICIAL DISTRICT COURT


FROM HOUSTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of
aggravated assault and originally received five years' deferred adjudication community supervision. 
His guilt was later adjudicated, and he was sentenced to eleven years' imprisonment. He did not
appeal his conviction.

 Applicant contends, inter alia, that his adjudication counsel rendered ineffective assistance
because counsel failed to investigate or communicate with Applicant, failed to interview witnesses,
and persuaded Applicant to pleaded guilty in exchange for an eleven-year sentence by telling him
that the trial court would give him twenty-five years' imprisonment if he did not do so. The
maximum sentence to which he would have been subject after adjudication would have been twenty
years. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's adjudication counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's counsel at adjudication
told Applicant that he would receive a 25-year sentence from the court if he did not enter into a plea
agreement with the State. The trial court shall make findings as to whether the performance of
Applicant's adjudication attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 25, 2012

Do not publish